UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LENNY WALKER, | Case No. 1:08-cv-04

    Petitioner, | Chief Judge Paul L. Maloney

    v. | Magistrate Judge Ellen S. Carmody

CINDI S. CURTIN,

    Respondent.

_____

## ORDER

**Directing the Respondent to File a Brief Responding to the Petitioner's Objections**

**Defendant-petitioner Lenny Walker was charged under Michigan law with the second-degree murder of Lakeysha Rodgers, the first-degree murder of Demetrius Thomas, felon in possession of a firearm, and felony firearm as a habitual offender - second offense, all committed in July 2001.** A physician gave expert testimony that Ms. Rodgers died of blunt-force trauma to the head, and Walker admitted at the plea hearing that he had been angry at Rodgers and struck her in the head with his hand hard enough that he had to take her to the hospital emergency room. *See* Lenny Walker Plea Transcript at 38-40. The parties stipulated to a second physician's testimony that Mr. Thomas died from gunshot wounds to the head, chest, left arm, and left wrist.

Pursuant to a written agreement executed on the day of trial in June 2003, Walker pled guilty in Wayne County Circuit Court to manslaughter in Rodgers's death and second-degree murder and felony firearm in Thomas's death. During the plea hearing, Walker expressed uncertainty about

whether to plead guilty, asked the court whether it would instruct the jury on self-defense, and told the court he shot Thomas only after Thomas shot at him. The judge responded that he could instruct the jury and let them decide whether he acted in lawful self-defense or Walker could take the plea and waive that defense, leading Walker to say that he wanted to go to trial. Ultimately, however, Walker was confronted with the evidence tending to contradict or undermine a defense of self-defense, and he decided to plead guilty after all.

In July 2003, per the plea agreement, a Michigan state trial court sentenced Walker to 10 to 15 years imprisonment for manslaughter, 22.5 to 50 years for second-degree murder, and two years for felony firearm. He received credit for 467 days served while awaiting trial.

<u>Walker's Delayed Direct Appeal.</u> About fifteen months later, in October 2004, Walker applied for delayed appeal with the Michigan Court of Appeals, raising the issue whether his sentence was sufficiently individualized. The Court of Appeals denied leave for delayed appeal in February 2005, holding that the claim lacked merit (Mich. App. No. 258547), and in August 2005 the Michigan Supreme Court refused leave to appeal because the question presented did not merit review (Mich. S.Ct. No. 128173).

<u>Walker's Motion for Relief from Judgment</u>. In January 2006, Walker filed a motion for relief from judgment in the Michigan trial court, asserting that it was clear to accept the guilty plea, both because there was no factual basis for it and because it was not knowing, intelligent and voluntary. Walker also claimed that his appellate counsel rendered constitutionally ineffective assistance by failing to raise arguments that were obviously meritorious. The trial court denied relief from judgment in June 2006, and the Michigan Court of Appeals denied leave for delayed appeal in February 2007 (Mich. App. No. 276459). The Michigan Supreme Court denied leave to appeal

in October 2007 (Mich. S.Ct. No. 134497), finding under MICH. CT. R. 6.508(D) that Walker procedurally defaulted those three claims by failing to raise them in his direct appeal as-of-right.

**Walker filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2254 in January 2008. Walker asserts five claims.** The Michigan trial court rejected three of these claims when it denied Walker's motion for relief from judgment: no factual basis for the plea, not a voluntary and intelligent plea, and ineffective assistance of appellate counsel. The Michigan Court of Appeals declined to entertain the individualized-sentencing claim on delayed appeal. Walker now also claims that trial counsel rendered ineffective assistance during the plea hearing.

**The government's July 2008 answer to the petition contends that**, as the Michigan Supreme Court held, Walker procedurally defaulted the factual-basis plea claim, the voluntary/intelligent plea claim, and the ineffective assistance of trial counsel claim by failing to raise them in his direct appeal. *See* Gov's Answer to § 2254 Habeas Petition at 6-7. The government further contends that Walker cannot show good cause for his failure to raise those three claims in his direct appeal. The government acknowledges that ineffective assistance of appellate counsel can constitute cause for such a default. *See* Gov's Answer to § 2254 Habeas Petition at 7. But it argues that appellate counsel was not ineffective because Walker fails to show that the arguments which appellate counsel did not raise were clearly stronger than the arguments he did raise. *See* Gov's Answer to § 2254 Habeas Petition at 7-8. Therefore, the government reasons, Walker has not overcome the strong presumption that appellate counsel's strategy and selection of issues for appeal were within the wide range of professional competence. *See id.* at 8.

As to Walker's fifth and last federal habeas claim, the government contends that there is no federal constitutional right to an individualized sentence. *See* Gov's Answer to § 2254 Habeas

Petition at 14 (citing published 6th Cir. decision).

On Wednesday, June 17, 2009, the Honorable Ellen S. Carmody, United States Magistrate Judge, issued a Report and Recommendation ("R&R") [document # 20] recommending that this court deny the § 2254 petition**.**  *See* R&R at 20.  The Magistrate Judge suggests that Walker's first claims – regarding the factual basis for his plea, the knowing/voluntary/intelligent quality of his plea, and ineffective assistance of trial counsel with regard to the plea decision – lack merit.  *See* R&R at 13-18.  Consequently, the Magistrate concludes, appellate counsel did not perform deficiently, let alone rendered ineffective assistance, by "failing" to raise those claims on direct appeal.  *See* R&R at 19.  As to Walker's fifth claim, the Magistrate recommends holding that Walker had no federal constitutional right to an individualized sentencing in a non-capital case such as this. *See* R&R at 19 (citing *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991) and *Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978) and *US v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995)).

On Thursday, July 2, 2009, petitioner Walker timely filed objections [doc. # 21], and the court would benefit from the government's response.

**No later than Friday, July 31, 2009, the respondent SHALL FILE a brief** responding in detail, with citation to binding precedent, to each objection.

This is not a final and appealable order.

**IT IS SO ORDERED** on this   7th   day of July 2009.

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge