UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|                      |                                           |
|----------------------|-------------------------------------------|
| **LENNY WALKER,**    | Case No. 1:08-cv-04                       |
| Petitioner,          | HONORABLE PAUL L. MALONEY                 |
| v.                   | Magistrate Judge Ellen S. Carmody         |
| **CINDI S. CURTIN,** |                                           |
| Respondent.          |                                           |

# OPINION and ORDER

**Overruling the Petitioner's Objections and Adopting the R&R;
Denying the 28 U.S.C. § 2254 Habeas Petition for Lack of Merit;
Entering Judgment in Favor of the Respondent;
Terminating and Closing the Case**

Defendant-petitioner Lenny Walker was charged under Michigan law with the second-degree murder of 19-year-old Lakeysha Rodgers, the first-degree murder of Demetrius Thomas, felon in possession of a firearm, possession of a firearm during the commission of a felony, and felony firearm as a habitual offender - second offense, all committed in July 2001.

On the eve of trial in Wayne County Circuit Court in June 2003, Walker pled guilty to the second-degree murder of Mr. Thomas (instead of first-degree murder), the manslaughter of Ms. Rodgers (instead of second-degree murder), and felony firearm (instead of felony firearm *and* felon in possession of a firearm *and* possession of a firearm during the commission of a felony). The plea enabled Walker to avoid the mandatory nonparolable life sentence which would have accompanied

a conviction for the first-degree murder of Mr. Thomas and a parolable life offense for second degree murder. Instead, Walker received terms of years sentences on all charges.

During the plea hearing, Walker expressed uncertainty about whether he wanted to plead guilty. After initially telling the judge that he had nothing to do with Ms. Rodgers' death – alleging that Mr. Thomas had attacked her – Walker recanted after a recess and admitted that he had "hit" Rodgers because he was angry, and that he hurt her enough to require a trip to the hospital ER. *See* Plea Tr. at 26-29 and 38-40. Walker also admitted that he shot Thomas four times, but he insisted that he shot only after Thomas shot at him, and he asked whether the jury would be instructed on self-defense if he went to trial; the state trial judge responded that the jury would be allowed to consider any defense Walker might raise. *See* Plea Tr. at 11-13 and 16 and 24. The judge told Walker that he could let the jury decide whether he acted in lawful self-defense, or he could take the plea agreement and waive the defense. Walker initially stated that he wanted to go to trial, but after being further presented with the prosecution evidence which tended to undermine his claim of self-defense, Walker decided to plead guilty after all. *See* Plea Tr. at 16-19. The trial court found a sufficient factual basis for the guilty plea. *See* Plea Tr. at 41.

The Magistrate Judge states that Walker's plea agreement was made pursuant to *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (Mich. 1993) (p.c.) (C.J. Cavanagh and JJ. Griffin, Mallett, Levin, Brickley, Boyle, Riley).[1] *See* R&R at 6. There the Michigan Supreme Court held that

> [a]t the request of a party, and not on the judge's own initiative, a judge may state *on the record* the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense.

---

[1] The Court's opinion was unanimous. Justice Boyle also issued a separate, brief concurring opinion in which Justice Levin joined. *See Cobbs*, 505 N.W.2d at 213-14.

> If the prosecutor is offering to reduce the charge in exchange for a plea of guilty or *nolo contendere*, the judge likewise may state on the record the sentence that appears to be appropriate for the reduced charge.

*Cobbs*, 505 N.W.2d at 212 and n.5 (emphasis in original) (reaffirming and expanding on *People v. Killebrew*, 330 N.W.2d 834 (Mich. 1982)).[2] "'A *Cobbs* plea agreement is made between the prosecutor and the defendant, but it is based, in part, on the judge's pronouncement of a preliminary sentence estimate.'" *People v. McClain*, 2009 WL 1067375, *11 n.32 (Mich. App. Apr. 21, 2009) (p.c.) (P.J. Bandstra, JJ. Whitbeck & Shapiro) (quoting *People v. Williams*, 629 N.W.2d 899, 904 n.5 (Mich. 2001) (Kelly, J., dissenting o.g.)). *See, e.g., Peterson v. McLemore*, 2009 WL 1874096, *1 (W.D. Mich. June 25, 2009) (Bell, J.) ("[T]here was a *Cobbs* plea agreement whereby the trial court would not impose a minimum sentence beyond the midpoint of the guideline range.").

At a preliminary hearing, a physician gave expert testimony that Ms. Rodgers died of blunt-force trauma to the head; Dr. Leigh Havaty, M.D., identified a blow to the mouth and a blow to the

---

[2]

*See, e.g., People v. McKay*, 706 N.W.2d 832, 832 (Mich. 2005) ("[T]he application for leave to appeal . . . is DENIED, because, by accepting a valid *Cobbs* agreement, defendant waived his objection to the scoring of OV [Offense Variable]-13.") (citing *People v. Wiley*, 693 N.W.2d 800 (2005) and *Cobbs*, 505 N.W.2d 208). As the Michigan Court of Appeals recently explained,

> Knowledge of the possible sentence one might receive could be an incentive to accept a plea agreement being offered by a prosecutor, if for no reason other than because it would confirm information passed on by the prosecutor.

*People v. Badour*, 2009 WL 103699, *1 (Mich. App. Jan. 15, 2009) (p.c.) (P.J. Murray, JJ. O'Connell & Davis).

However, if the trial judge ultimately imposes a sentence greater than the likely sentence indicated on the record under *Cobbs*, a defendant has the absolute right to withdraw his guilty or *nolo contendere* plea. *See People v. Chappell*, 566 N.W.2d 42, 44-45 (Mich. App. 1997) (p.c.) (P.J. Fitzgerald, JJ. MacKenzie & Taylor.

right temple, which caused a subdural hemorrhage that led to her death. Dr. Havaty opined that the blows were caused by a blunt object and could not have been caused by a fist, and that Ms. Rodgers' injuries were inconsistent with a head injury caused by a supposed car accident. This was consistent with Walker's admission, at the plea hearing, that he had been angry at Rodgers and struck her in the head hard enough that he had to take her to the hospital emergency room (though Walker alleged that he used only his hand, and not a blunt object, for the blow or blows). *See* Walker Plea Transcript at 38-40. The parties stipulated to a second physician's testimony that Mr. Thomas died from gunshot wounds to the head, chest, left arm, and left wrist.

In July 2003, per the plea agreement, a Michigan state trial court sentenced Walker to 10 to 15 years imprisonment for manslaughter, 22.5 to 50 years for second-degree murder, and two years for felony firearm. He received credit for 467 days served while awaiting trial.

<u>Walker's Delayed Direct Appeal.</u>  About fifteen months later, in October 2004, Walker applied for delayed appeal with the Michigan Court of Appeals, raising only one issue: whether his sentence was sufficiently individualized. The Court of Appeals denied leave for delayed appeal in February 2005, holding that the claim lacked merit (Mich. App. No. 258547), and in August 2005 the Michigan Supreme Court refused leave to appeal because the question presented did not merit review (Mich. S.Ct. No. 128173).

<u>Walker's Motion for Relief from Judgment</u>.  In January 2006, Walker filed a motion for relief from judgment in the Michigan trial court, asserting that it was clear error to accept the guilty plea, both because there was no factual basis for it and because it was not knowing, intelligent and voluntary. Walker also claimed that his appellate counsel rendered constitutionally ineffective assistance by failing to raise arguments that were obviously meritorious. The trial court denied relief

from judgment in June 2006, and the Michigan Court of Appeals denied leave for delayed appeal in February 2007 (Mich. App. No. 276459). The Michigan Supreme Court denied leave to appeal in October 2007 (Mich. S.Ct. No. 134497), finding under MICH. CT. R. 6.508(D) that Walker procedurally defaulted those three claims – no factual basis for the plea, not a voluntary and intelligent plea, and ineffective assistance of appellate counsel – by failing to raise them in his direct appeal as-of-right.

**Walker filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2254 in January 2008. Walker asserts five claims.** The Michigan trial court rejected three of these claims when it denied Walker's motion for relief from judgment: no factual basis for the plea, not a voluntary and intelligent plea, and ineffective assistance of counsel. The Michigan Court of Appeals declined to entertain the individualized-sentencing claim on delayed appeal. Walker now also claims that trial counsel rendered ineffective assistance during the plea hearing.

**The government's July 2008 answer to the petition contends that**, as the Michigan Supreme Court held, Walker procedurally defaulted the factual-basis plea claim, the voluntary/intelligent plea claim, and the ineffective assistance of trial counsel claim by failing to raise them in his direct appeal. *See* Gov's Answer to § 2254 Habeas Petition ("Gov Ans") at 6-7. The government further contends that Walker cannot show good cause for his failure to raise those three claims in his direct appeal. The government acknowledges that ineffective assistance of appellate counsel can constitute cause for such a default. *See* Gov Ans at 7. But it argues that appellate counsel was not ineffective because Walker fails to show that the arguments which appellate counsel did not raise were clearly stronger than the arguments he did raise. *See* Gov Ans at 7-8. Therefore, the government reasons, Walker has not overcome the strong presumption that

5

appellate counsel's strategy and selection of issues for appeal were within the wide range of professional competence. *See id.* at 8. As to Walker's fifth and last federal habeas claim, the government contends that there is no federal constitutional right to an individualized sentence. *See* Gov Ans at 14 (citing published 6th Cir. decision).

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to the Honorable Ellen S. Carmody, United States Magistrate Judge. **On June 17, 2009, Magistrate Judge Carmody issued a Report and Recommendation ("R&R") [doc. # 20] recommending that this court deny the § 2254 petition.** *See Walker v. Curtin*, 2009 WL 1974305 (W.D. Mich. June 17, 2009) (Carmody, M.J.). The Magistrate Judge suggests that Walker's first three claims – regarding the factual basis for his guilty plea, the knowing/voluntary/intelligent quality of his guilty plea, and ineffective assistance of trial counsel with regard to the plea decision – lack merit. *See* R&R at 13-18. Consequently, the Magistrate Judge concludes, appellate counsel did not perform deficiently, let alone render constitutionally ineffective assistance, by "failing" to raise those claims on direct appeal (defeating Walker's fourth habeas claim). *See* R&R at 19. As to Walker's fifth habeas claim, the Magistrate Judge recommends holding that Walker had no federal constitutional right to an individualized sentencing in a non-capital case such as this. *See* R&R at 19 (citing *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991) and *Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978) and *US v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995)).[3]

---

[3]

As to Walker's claims which were evaluated by the state courts on their merits – such as claim one regarding the voluntariness of the plea, and claim two regarding the factual basis for the pleas – the Magistrate Judge states the correct AEDPA standard of review. *See* R&R at 10-12.

As to claims which the state courts did not evaluate on their merits, however – such as claim four (ineffective assistance of appellate counsel) – AEDPA deference to the state courts does not come into play. *See Mingo v. Michigan*, 2007 WL 3346464, *10 (W.D. Mich. Nov. 7, 2007) (Robert

On July 2, 2009, petitioner Walker timely filed objections [doc. # 21]. As directed by the court, the government filed its response on July 30, 2009.

**The court finds the R&R to be well-reasoned and is unconvinced by the petitioner's objections.** Preliminarily, the court approves the Magistrate Judge's decision to address the merits of Walker's first three claims and bypass the question whether he procedurally defaulted those claims by failing to raise them on direct appeal (he did not raise these three arguments until his later motion for relief from judgment in the state trial court). "[A] ruling on a procedural default defense is not necessary if the petitioner cannot prevail on the merits." *Neal v. Webb*, 2007 WL 2572425, *5 (W.D. Ky. Sept. 5, 2007) (M.J. James Moyer, adopted by Chief D.J. John Heyburn) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). *See, e.g., Blandin v. Williams*, 2009 WL 1862527, *3 (N.D. Ohio June 26, 2009) (Sara Lioi, J.) (noting with approval, "As the Magistrate Judge recognized, it is far from clear that Blandin fairly presented his double jeopardy claim, as a federal constitutional matter, to the Ohio courts. Nonetheless, the Magistrate Judge declined to address the procedural default issue and directly moved to the merits of Blandin's double jeopardy claim."); *Sanchez v. Konteh*, 2009 WL 539710, *3 (N.D. Ohio Mar. 4, 2009) (Wm. Baughmann, M.J., adopted by D.J.) ("Alternatively, I recommend bypassing the issue of procedural default and denying Sanchez's second ground for relief on the merits.").

<u>First, Walker's first habeas claim fails because he has not shown that the state court's</u>

---

Holmes Bell, J.) ("Where, as here, the state appellate courts have not evaluated the merits of a petitioner's federal claim, the deferential standard of review required by AEDPA does not apply.") (citing *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003)). "In the absence of an express adjudication [by the state courts], the court reviews questions of mixed law and fact, such as . . . ineffective assistance of counsel, *de novo*." *Mingo*, 2007 WL 3346464 at *10 (citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) & *Higgins v. Renico*, 470 F.3d 624, 630-31 (6th Cir. 2006)).

7

<u>acceptance of his plea as knowing, intelligent and voluntary was contrary to, or unreasonably applied, clearly established federal law (which for AEDPA purposes consists only of U.S. Supreme Court holdings) or that it rested on any clearly erroneous factual findings</u>. Walker's objections do not persuasively or even arguably suggest that his plea was anything other than knowing, intelligent and voluntary under U.S. Supreme Court precedent. *See* R&R at 14-15 and 15-16 (recommending dismissal of habeas claims one and two).

Walker cannot deny that the trial judge carefully and thoroughly questioned him regarding the voluntariness of the plea and his understanding of the charges against him, and it remains undisputed that the judge accurately informed him of the rights he would waive by pleading guilty, such as his right to go to trial and argue self-defense to the jury. Walker posed intelligent, relevant questions to the judge about his case, such as the availability of a self-defense jury instruction, and he decided to plead only in the face of strong evidence against him (including both layperson and medical-expert testimony) and the potential nonparolable life sentence he faced if a jury convicted him of the charged first-degree murder and parolable life on the second degree murder charge. As the Magistrate Judge noted, R&R at 15-16, the Supreme Court has held that a plea decision is not rendered unintelligent or involuntary merely because it is based on consideration of the more-onerous potential sentences that the defendant may be subjected to if he goes to trial and is convicted. *See also Goodrum v. US*, 126 F. App'x 713, 717 (6th Cir. 2005) (<u>Keith</u>, Clay, D.J. John O'Meara) ("As part of Goodrum's plea agreement, the government refrained from filing a second prior conviction against Goodrum, which would have resulted in life in prison. * * * Goodrum's claim that he must be re-sentenced because his plea was not voluntary fails."); *Holts v. Curtin*, 2008 WL 2095420, *1 (W.D. Mich. May 16, 2008) (Bell, C.J.) ("Petitioner states that he was 'coercively

8

threatened' to plead guilty because he confronted a possible life sentence under the original charge. Petitioner's objection must be rejected because . . . the fact that a criminal defendant confronted an unpalatable choice (e.g., a possible life sentence under the original charge) does not render the resulting plea involuntary.") (citing *Brady*, 397 U.S. at 750-51). As Judge Polster aptly reasoned,

> There are many reasons why a defendant may choose to plead guilty. They do not, simply by being denominated "fears", necessitate the conclusion that the plea was involuntary. * * * If a defendant elects to sacrifice himself for such motives, that is his choice, and he cannot reverse it after he is dissatisfied with his sentence, or with other subsequent developments.

*Foster v. Money*, 2007 WL 3342725, *18 with n. 124 (N.D. Ohio Nov. 8, 2007) (Polster, J.) (citing *US v. Webb*, 433 F.3d 400, 404 (1st Cir. 1970)).

Walker's objection on claim one reads as follows, in its entirety:

> Magistrate Ellen S. Carmody's Report and Recommendation (R & R) is factually inaccurate. On page fourteen (14) of the Magistrate's R&R the Magistrate indicates that "[t]he court informed Petitioner of the sentence that was to be imposed under the *Cobbs* agreement." The sentencing transcript at pg. 23 reveals that Petitioner was not given the benefit of a *Cobbs* pleas as stated by the Magistrate, in fact, the sentencing court stated: "you won't be getting a *Cobbs* agreement." Therefore, a presumption of correctness cannot attach to the lower court's findings.

Walker's Objections at 1-2. The government concedes, "Petitioner appears to be correct . . . that his sentence was not imposed pursuant to *People v. Cobbs* . . . as Respondent inadvertently indic[a]ted in its answer to the habeas petition." Gov Response at 3-4. But the court agrees with the government that this error by the Magistrate Judge is of no consequence here. The court also notes a point which the government failed to make it its response: AEDPA mandates that federal habeas courts show substantial deference to both the legal conclusions and the factual findings of a state court, and the statute makes no reference to the nature of any underlying plea agreement or plea colloquy.

9

Walker has not identified U.S. Supreme Court precedent holding that AEDPA deference does not apply to a Michigan defendant unless the defendant pled guilty pursuant to a *Cobbs* agreement, and the court finds no such authority. On the contrary, district courts in our Circuit have applied AEDPA deference to state court findings/conclusions where the defendant pled guilty pursuant to a *Cobbs* colloquy/agreement and later challenged the voluntariness of his plea. *See, e.g., Adams v. Burt*, 471 F. Supp.2d 835 (E.D. Mich. 2007) (David Lawson, J.); *Simpson v. Wolfenbarger*, 2006 WL 416189, *1 n.1 and *7 (E.D. Mich. Feb. 21, 2006) (Friedman, J.) ("The plea and sentencing agreement were made pursuant to *People v. Cobbs* . . . . * * * Petitioner likewise received a benefit by pleading no contest. He avoided the possibility of serving a life sentence after serving his retail fraud sentence. The Court therefore concludes that Petitioner's plea was voluntarily and knowing and not illusory. The state appellate court's opinion that Petitioner's claim lacked merit was not contrary to, or an unreasonable application of, clearly established federal law as established by the Supreme Court."); *Shanks v. Wolfenbarger*, 387 F. Supp.2d 740 (E.D. Mich. 2005) (Paul Gadola, J.).

Walker's second habeas claim fails because he has not shown that the Michigan Court of Appeals acted in a way that was contrary to, or unreasonably applied, clearly established federal law by determining that there was a sufficient factual basis for his guilty pleas. Walker's objection to the recommended dismissal of claim two reads as follows, in its entirety:

> Further, the Magistrate Judge stated that "[t]he state courts are not constitutionally required to establish a factual basis for an otherwise voluntary and intelligent plea." R&R at 15. Petitioner points out that the factual basis of a guilty plea establishes the elements of the offense for which a defendant is charged. It has been held by the United States Supreme court in *In re Winship*, 397 U.S. 358, 364 (1970) that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every *fact* necessary to constitute the crime with which he is charged.

10

Walker's Objections at 2. As the Magistrate Judge correctly notes, *see* R&R at 15, Walker's second habeas claim fails most simply because, as a matter of law, the U.S. Supreme Court has not interpreted the U.S. Constitution to require state courts to establish a factual basis for an otherwise voluntary, knowing and intelligent guilty plea. As the Supreme Court has explained,

> "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea becomes final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary."

*Simmons v. Kapture*, 2009 WL 1309170, *3 (W.D. Mich. May 11, 2009) (Gordon Quist, J.) (quoting *Roddy*, 516 F.3d at 1385). In addition to the cases cited by the R&R, *see, e.g., US v. Mitchell*, No. 96-5516, 129 F.3d 1266, 1997 WL 720435, *3 (6th Cir. Nov. 13, 1997) (p.c.) (Krupansky, Suhrheinrich, D.J. Rosen) ("[T]he Constitution does not require a factual basis for the plea . . . .") (citing, *inter alia*, *US v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995)); *Terrell v. Triplett*, No. 94-1934, 51 F.3d 273, 1995 WL 140836, *1 (6th Cir. Mar. 29, 1995) (p.c.) (Milburn, Norris, W.D. Mich. D.J. Wendell Miles) ("Terrell has not established that the proceedings in state court were fundamentally unfair or that the proceedings resulted in his unjust confinement. * * * A factual basis for the plea is not required by the Constitution; such requirement stems only from Federal Rule of Criminal Procedure 11.") (citing *US v. Timmreck*, 441 U.S. 780, 783 (1979)). In any event, neither Walker's habeas petition nor his objections to the R&R even arguably show that the evidence proffered by the prosecution did not supply an adequate factual basis for his guilty pleas. *See* R&R at 15.

<u>Walker's third habeas claim fails because he has not shown that his trial counsel rendered constitutionally ineffective assistance.</u> In the R&R at 17-18, the Magistrate Judge correctly reasons that Walker's counsel did not engage in "scare tactics" by advising him to plead guilty. In its

11

entirety, Walker's objection the recommended dismissal of his fourth claim reads as follows,

> Magistrate Ellen S. Carmody's Report and Recommendation reaches the conclusion that Petitioner was not denied the effective assistance of trial counsel during the plea proceedings. The record shows that Petitioner did not shoot Demetrious [sic] Thomas until he was fired upon. This would [have] shown the jury that Petitioner did not act in a premeditated manner when it came to the shooting. However, based on trial counsel's ill advi[c]e, Petitioner entered into a guilty plea, when plainly the record shows [t]he chances of a better outcome would have been higher than to simply plead guilty.

Walker's Objections at 2-3. Assuming with liberality that this constitutes a sufficiently developed objection to trigger *de novo* review of this portion of the R&R, the objection lacks merit.

The court determines that Walker's trial counsel did not perform deficiently by warning him of the potential sentences he faced if he lost at trial, or by advising him to plead guilty. Counsel's plea advice must be viewed in light of the strong evidence against Walker (including his admission that he shot Mr. Thomas four times and his admission that he angrily struck Mrs. Rodgers hard enough to require a visit to the ER) and the potential post-trial sentences of life imprisonment without the possibility of parole on the first-degree murder charge (compared to the term of years that he received by pleading guilty). *See, e.g., Mosher v. US*, 2009 WL 1994184, *9-10 (W.D. Mich. July 7, 2009) (Maloney, C.J.) (dismissing habeas petitioner's claim that he was forced and intimidated into pleading guilty by his counsel's warning he would "die in prison" if he went to trial and the jury convicted him; "Mosher has not shown that such advice would constitute deficient performance. For example, if he were convicted at trial and the government successfully urged *consecutive* sentences for even some of the convictions (rather than the concurrent sentences he received on the criminal-contempt and tax charges), it is reasonable to believe that the resultant term of imprisonment would exceed the remainder of his natural life."); *US v. Fiorini*, 2008 WL 2225721, *2 (S.D. Ohio May 27, 2008) (dismissing § 2255 motion, and noting that Sixth Circuit had rejected

12

ineffective-assistance claim on direct appeal; "On . . . the date that trial was set, [defense counsel] advised the Court that he was prepared to proceed to trial although he had strongly encouraged Defendant to accept a plea agreement which would have resulted in a 48-month sentence. [Defense counsel] told the Court that that although he might not have added up the hundreds of years of a potential maximum sentence, he told Defendant that he would likely die in prison if convicted after trial, given his own age of 55 and the vulnerability of many of his victims. After a recess of about 1.5 hours, the defendant pled guilty . . . .") (record citations omitted).

Indeed, on this record, "there was a basis for counsel's concern. Conceivably counsel could have been ineffective had he *not* pointed out th[e] possibility" that Walker would die in prison if he were convicted at trial instead of plead guilty. "[A]lthough his technique may have been considered harsh, [it was] not inaccurate." *Jordan v. US*, 2006 WL 1479513, *4-5 (E.D. Mo. May 24, 2006) (Limbaugh, J.) (denying § 2255 motion) ("In the plea agreement, the government agreed to file a sentencing enhancement as to only one of movant's two prior felony drug convictions. Had the government filed an enhancement on both . . . movant would have been subjected to a mandatory minimum sentence of life in prison. Assuming *arguendo* that movant's counsel did tell him he could 'die in jail' if he went to trial," that did not render the plea involuntary due to coercion or pressure).[4]

---

[4]

*Cf. Franks v. Lindamood*, 2007 WL 3046357 (M.D. Tenn. Oct. 15, 2007) (dismissing § 2254 habeas petition which claimed ineffective assistance of trial counsel) (noting that state court had denied state post-conviction motion notwithstanding petitioner's essentially uncontradicted testimony that his trial counsel advised him, at their only meeting prior to the plea hearing, "'They're offering you 15 years at 100 percent and that's it. And if I was you, I'd take it or you might die in prison' because Petitioner's maximum exposure was 60 years.");

*Dillingham v. Lampert*, 2006 WL 1142863, *3 (D. Or. Apr. 20, 2006) (denying § 2255 motion and noting with approval the state habeas court's earlier holding that petitioner had not been denied effective assistance by his trial counsel's allegedly "pressur[ing] him to plead to the charges. Petitioner's sister testified that [defense counsel] told her that if petitioner went to trial, he 'would

13

Walker's fourth habeas claim, ineffective assistance of appellate counsel, fails on its merits as well. As noted by the R&R at 18-19 (recommending dismissal of habeas claim four, ineffective assistance of appellate counsel), as a matter of law an attorney cannot perform deficiently by failing to raise claims which lack merit. *See Burton v. Renico*, 391 F.3d 764, 781-82 (6th Cir. 2004) (appellate counsel could not have performed deficiently by "failing" to raise a meritless prosecutorial-misconduct argument); *Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004); *Williams v. Berghuis*, 2009 WL 1882839, *19 (W.D. Mich. June 26, 2009) (Quist, J.) ("Counsel's failure to make a meritless objection in these respects does not constitute ineffective assistance of counsel."); *Grant v. Berghuis*, 2009 WL 981388, *20 (W.D. Mich. Apr. 13, 2009) (Maloney, C.J.) ("any effort by petitioner's appellate counsel to file a reply brief arguing that petitioner was not in fact the get-away driver would have been an exercise in futility. The decision of the state trial court to deny petitioner's Sixth Amendment claim was therefore not an unreasonable application of the Supreme Court's decisions in *Strickland* and *Evitts*.").

Moreover, by failing to lodge a specific objection as to claim four, let alone to develop and provide support for the objection, Walker has failed to trigger *de novo* review of the R&R's treatment of this claim. In its entirety, Walker's objection regarding claim four reads as follows: "As to Claim IV. The Magistrate's opinion is based on a factual inaccuracy of the trial record. Therefore, Petitioner request[s] that this court review this issue *de novo*." Walker's Objections at

---

never see the light of day' and would 'die in prison.' Petitioner had been charged with 37 counts [of sodomy and unlawful sexual penetration]. [T]he evidence was compelling. Petitioner has failed to show that his trial counsel's advice to plead no contest to three charges in exchange for having the remainder of the charges dropped was not [up to] the highest of professional standards. At sentencing, petitioner was given opportunity by the court to change his mind, ask questions and reject the plea agreement. Petitioner indicated that [defense counsel] was an 'excellent attorney' and that he accepted the agreement entirely."), *aff'd*, 231 F. App'x 968 (9th Cir. 2007).

14

3. "'Only those objections that are specific are entitled to a *de novo* review under the statute.'" *Westbrook v. O'Brien*, 2007 WL 3462337, *1 (W.D. Mich. Nov. 15, 2007) (Maloney, J.) (citing *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (no *de novo* review where the objections are frivolous, conclusory or too general because the burden is on the parties to "pinpoint those portions of the Magistrate's report that the district court must specifically consider")); *see, e.g., Fairfield v. Wacha*, 2008 WL 584940, *2 (W.D. Mich. Feb. 28, 2008).[5]

Finally, for the reasons explained by the R&R at 19, Walker's fifth habeas claim, individualized sentencing, lacks merit. *See also US v. Odeneal*, 517 F.3d 406, 415 (6th Cir. 2008) ("We have held, however, that there is no [federal] constitutional right to individualized sentencing in non-capital cases.") (citing *US v. Levy*, 904 F.2d 1026, 1035 (6th Cir. 1990) and *US v. Gardner*, 931 F.2d 1097, 1099 (6th Cir. 1991)).

Moreover, Walker's vague, conclusory, unsupported "objection" on this score does not trigger this court's *de novo* review of that portion of the R&R. In its entirety, Walker's objection to the recommended dismissal of claim five reads as follows:

> Magistrate Judge Ellen S. Carmody's Report and Recommendation reaches the conclusion that prisoner's sentence was pursuant to the *Cobbs*' [sic] agreement. Again, the sentencing transcripts on page 23 reveals that the court did not impose a sentence in accordance with a *Cobbs* agreement as stated by the Magistrate Judge.

Walker's Objections at 3.[6] Walker does not attempt to show how the Magistrate Judge's error on

---

[5] Having failed to file a specific, developed objection on this score, Walker has also waived his right to appeal this court's dismissal of claim four on the ground enunciated by the R&R, even if the Sixth Circuit Court of Appeals ultimately grants him a certificate of appealability.

[6] Having failed to file a specific, developed objection on this score, Walker has also waived his right to appeal this court's dismissal of claim five on the ground enunciated by the R&R, even if the Sixth Circuit Court of Appeals ultimately grants him a certificate of appealability.

this score undermines the reasoning and recommendations in the portion of the R&R recommending dismissal of claim five.

**CERTIFICATE OF APPEALABILITY**

The U.S. Supreme Court disapproves of blanket denials of certificates of appealability ("COAs"). *See Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, this court "must 'engage in a reasoned assessment of each claim' to determine whether a [COA] is warranted." *Oatis v. Caruso*, 2009 WL 80347, *4 (W.D. Mich. Jan. 8, 2009) (Maloney, C.J.) (citing *Murphy*, 263 F.3d at 467)..

Under 28 U.S.C. § 2253(c)(2), "'the court should grant a COA for an issue raised in a § 2254 petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right.'" *Wardlaw v. Howes*, 575 F. Supp.2d 820, 821 (W.D. Mich. 2008) (Paul L. Maloney, C.J.) (quoting *Harbison v. Bell*, 503 F.3d 566, 568 (6th Cir. 2007), *cert. denied*, – U.S. –, 128 S.Ct. 1479 (2008), *cert. granted o.g.*, – U.S. –, 128 S.Ct. 2959 (2008)). To satisfy this standard, "the petitioner must demonstrate that reasonable jurists could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues raised are 'adequate to deserve further review.'" *Wardlaw*, 575 F. Supp.2d at 821(quoting *Harbison*, 503 F.3d at 569 (citing *Banks v. Dretke*, 540 U.S. 668, 705 (2004)). *See also Butz v. Berghuis*, 2009 WL 33462, *6 (W.D. Mich. Jan. 5, 2009) (Maloney, C.J.) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)) and *Henley v. Bell*, – F. App'x –, –, 2009 WL 233283, *1 (6th Cir. Feb. 2, 2009) (p.c.) (Siler, Cole, Cook) (citing *Banks*, 540 U.S. at 674), *cert. denied*, – U.S. –, 129 S.Ct. 1057 (2009).

The petitioner need not show, however, that he is likely to succeed on appeal. *See Wardlaw*, 575 F. Supp.2d at 821 (citing *Miller-El*, 537 U.S. at 337); *Workman v. Bell*, 484 F.3d 837, 842 n.3

(6th Cir. 2007) (distinguishing standard for stay pending appeal, which focuses on appellant's likelihood of success on the merits, from the COA standard, which requires a lesser showing), *reh'g & reh'g en banc denied* (6th Cir. May 7, 2007). "'[I]t is consistent with § 2253 that a certificate of appealability will issue in some instances where there is no certainty of ultimate relief.'" *Wardlaw*, 575 F. Supp.2d at 821 (quoting *Walker v. Carlton*, 114 F. App'x 687, 690 (6th Cir. 2004) (quoting *Miller-El*, 537 U.S. at 337)).

Walker does not meet the standard for a COA, because other reasonable jurists would not disagree with the determination that all five of his habeas claims lack merit, and that Walker's purported objections failed to trigger *de novo* review on claims four and five anyway. Nor has he presented any other issues which are "adequate to deserve further review."

# ORDER

The petitioner's objections [document #21] are **OVERRULED**.

The R&R [document # 20] is **ADOPTED**.

The 28 U.S.C. § 2254 habeas corpus petition is **DENIED.**

This case is **TERMINATED** and **CLOSED**.

A separate Judgment will issue as required by FED. R. CIV. P. 58.

This is a final order, but the court declines to issue a certificate of appealability.[7]

**IT IS SO ORDERED this 7th day of August 2009.**

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge

---

[7] "If the district judge denies a COA, a request may then be made to [the] court of appeals" under FED. R. APP. P. 22. *Wilson v. US*, 287 F. App'x 490, 494 (6th Cir. 2008) (citing *Kincade v. Sparkman*, 117 F.3d 949, 953 (6th Cir. 1997)).